FILED
SUPERIOR COURT
OF GUAM

2020 DEC 15 PM 1:50

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| THE PEOPLE OF GUAM | CRIMINAL CASE NO. CF0306-20 |
|---|---|
| vs. | |
| **FRANK JAMES SAN NICOLAS,** DOB: 06/21/1970 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on October 15, 2020, upon the Defendant Frank James San Nicolas' Motion to Discharge Defendant from Conditions of Release ("Motion") filed June 29, 2020. Defendant Frank James San Nicolas ("Defendant") was represented by Attorney Joaquin C. Arriola, Jr. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On June 4, 2020, the Defendant was charged via Magistrate's Complaint with: 1) Two Counts of Third Degree Criminal Sexual Conduct (as a Second Degree Felony); and 2) Two Counts of Fourth Degree Criminal Sexual Conduct (as a Misdemeanor). The Defendant was brought before Magistrate Judge Jonathan R. Quan ("Magistrate Quan") that same day for a Magistrate's Hearing. At the hearing, Magistrate Quan imposed bail in the amount of Ten Thousand Dollars ($10,000.00), and imposed stay away and no contact orders, as a condition of

the Defendant's release from pretrial confinement. Shortly thereafter, the Defendant filed a Motion for Bail Redetermination. On June 8, 2020, the Court *inter alia* released the Defendant on house arrest and to third party custodians[1].

On June 29, 2020, the Defendant filed the instant motion, requesting that the Court enter an Order discharging him from any pretrial release conditions imposed on the grounds that the People have failed to hold a preliminary examination in the time permitted under Guam law. Specifically, because no preliminary examination had been conducted and because an indictment was not returned within the time prescribed by statute, the Court must discharge the Defendant from his pretrial release conditions and the requirement of a personal recognizance bond. On August 5, 2020, the People filed their Opposition. The People oppose noting that the Guam Supreme Court tolled all deadlines due to the current COVID-19 (coronavirus) pandemic, citing the various administrative orders. The People maintain that extraordinary circumstances exist and any delays of preliminary examinations are indispensable to the interest of justice. The Defendant filed his Reply on August 10, 2020.

On October 15, 2020, a hearing was held on the instant motion. Counsel for both parties appeared via Zoom. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

Under Guam law, a defendant is entitled to a preliminary examination within twenty (20) days following the date of first appearance if released from custody. 8 GCA § 45.50(b)(2). A preliminary examination "may be continued to a date subsequent to the date initially fixed therefor, only upon the order of the court after a finding that extraordinary circumstances exist, and that the delay of the preliminary examination is indispensable to the interest of justice." 8 GCA § 45.50(c). A preliminary examination however, is not required upon the return of an Indictment by a grand jury. 8 GCA § 45.50(e). Further, if a preliminary examination is not

---

[1] On July 17, 2020, the Defendant filed an *Ex Parte* Motion to Modify or Clarify Conditions of Release. The Court, in its July 24, 2020, granted the Defendant's motion and permitted the Defendant to return work pursuant to certain conditions.

conducted in compliance with Subsections (b) and (c), the defendant shall be discharged from conditions imposed on his release and the requirement of bail. 8 GCA § 45.50(d).

Here, the Defendant appeared for the first time at a Magistrate's Hearing on June 4, 2020, and was conditionally released on June 8, 2020. Therefore, the Defendant maintains that the People had until June 24, 2020, to hold a preliminary hearing or return an Indictment pursuant to Title 8 GCA § 45.50(b)(2). Because the People have done neither, and the Defendant has neither waived his right to a preliminary hearing or indictment, the Defendant argues that he must be discharged from the conditions imposed on his release and from the requirement of a personal recognizance bond. *See* 8 GCA § 45.50(d). The People, on the other hand, argue that pursuant to the Guam Supreme Court's Administrative Order No. 2020-39 ("ADM20-392"), made in response to the COVID-19 (coronavirus) pandemic, they cannot return an indictment absent a grand jury or hold preliminary hearings.

ADM20-392, in relevant part, states "[a]ll grand jury proceedings are suspended until no earlier than August 31, 2020. The time periods for a preliminary examination for filing an indictment are tolled until November 17, 2020." Since the filing of the instant motion, the island of Guam has remained in Pandemic Condition of Readiness (PCOR) 1, and the Guam Supreme Court has issued several subsequent Administrative Orders as the pandemic developed. The Guam Supreme Court's most recent Administrative Order relevant to the instant matter, extended the suspension of grand jury proceedings to no earlier than October 19, 2020, and tolled the time periods for a preliminary examination and for filing an indictment until December 31, 2020. *See* ADM20-413. Further, the Guam Supreme Court noted that exigent circumstances exist for public health reasons, and reasoned that the continuances "serve the ends of justice and outweigh the best interest of the public and the defendant in a speedy trial." *See* ADM 20-414. Thus, the People maintain that extraordinary circumstances exist and delay of the preliminary examination is indispensable to the interest of justice.

In response, the Defendant asserts that the Court must make an explicit finding that extraordinary circumstances exist and that the delay of the preliminary examination is indispensable to the interest of justice. *See* 8 GCA § 45.50(c). The Defendant argues that

because this Court did not make a specific finding of extraordinary circumstances in this case, discharge of his release conditions is warranted. The Court however, disagrees that an individual finding of extraordinary circumstances for this Defendant, and for any other defendant currently in pretrial confinement or under pretrial release conditions for a felony charge, is necessary at this time given the circumstances surrounding the current COVID-19 (coronavirus) pandemic. The Guam Supreme Court, through its administrative orders, found the public health and safety concerns resulting from the pandemic an extraordinary circumstance enough to suspend convening grand juries and temporarily bar preliminary examinations.[2] Accordingly, based on the foregoing, the Court hereby **DENIES** the Defendant's Motion to Discharge Defendant from Conditions of Release.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** the Defendant's Motion to Discharge Defendant from Conditions of Release.

**IT IS SO ORDERED** ___DEC 1 5 2020___.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:
AG, Arrida Law

Date: 12/15/20 Time: 1:56pm.
Antonio A. Cruz
Deputy Clerk, Superior Court of Guam

---

[2] The Court notes that, after the filing of the instant motion, a grand jury returned an Indictment against the Defendant on October 29, 2020, in accordance with ADM20-413. The Defendant was arraigned on November 4, 2020. Jury Selection in this matter is currently scheduled for December 30, 2020.